IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-30112-002 |
| ) | |
| RICHARD LEE ELDRIDGE, ) | |
| ) | |
| Defendant. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court are Defendant Richard Eldridge's pro se motion (d/e 60) and amended motion for compassionate release (d/e 63) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motions are DENIED.

### I. BACKGROUND

On August 5, 2008, Defendant Richard Lee Eldridge pled guilty to Count 1 of the Indictment for conspiring to manufacture 5 or more grams of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B) and Count 2 for possession of a firearm in furtherance of and carrying a firearm during and in relation to a

drug tracking crime in violation of 18 U.S.C. 924(c)(1)(A)(ii).  On November 24, 2008, Defendant was sentenced to 188 months of imprisonment on Count 1 and 84 months of imprisonment on Count 2 to run consecutively and an 8-year term of supervised release.  On November 19, 2015, Defendant's sentence on Count 1 was reduced from 188 months to 151 months of imprisonment to be served consecutive to Count 2, for a combined total of 235 months.  Defendant is currently serving his sentence at FCI Milan, and he has a projected release date of March 11, 2024.

On July 24, 2020, Defendant filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  See d/e 60.  On July 31, 2020, following the appointment of the Federal Public Defender's Office to represent Defendant, an Amended Motion for Compassionate Release was filed.  See d/e 63.  Defendant seeks compassionate release due to the COVID-19 pandemic and his rehabilitation while being incarcerated.

On July 9, 2020, the Government filed a response opposing Defendant's motion.  See d/e 64.  The Government argues that Defendant has not established extraordinary and compelling reasons to warrant a reduction in his sentence and the factors set

forth in 18 U.S.C. § 3553(a) do not warrant release.

On August 10, 2020, a hearing was held on Defendant's motion where the Court heard from Defendant and counsel.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed.  See 18 U.S.C. § 3582(c).  However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met.  See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A).  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194.  Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief.  With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate made his or her request, whichever is

earlier. The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The Court concludes that § 3582(c)(1)(A) does not require the Court to wait to consider a compassionate release request if there is a credible claim of serious and imminent harm from this pandemic. That does not mean the Court will waive the exhaustion requirements in all cases. The decision must be made on a case-by-case basis.

In this case, Defendant argues that he submitted a request to the warden of FCI Milan more than 30 days ago. See d/e 63. The

Government agreed, stating that the Warden of FCI Milan denied Defendant's request on July 16, 2020.  See Response, d/e 64.  Therefore, the Court finds that Defendant has met the 30-day requirement pursuant to 18 U.S.C. § 3582(c)(1)(A).

The Court must consider whether "extraordinary and compelling reasons warrant such a reduction" and is "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment.  The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons.  Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation.  Social distancing can be difficult for individuals living or working in a prison.  However, the COVID-19 pandemic alone does not constitute "extraordinary and compelling reasons" warranting a reduction in his term of

imprisonment.

Defendant is a 48-year-old-male with no significant underlying medical conditions.  Defendant argues that being incarcerated at a BOP facility that has COVID-19 without any serious medical condition is a sufficient basis for compassionate release.  While the Court is very sympathetic to Defendant's arguments, no legal authority exists at this time to allow such a request.

The Court recognizes that FCI Milan has COVID-19 at this time.  However, the facility has made strides to control the spread of the disease.  As of August 10, 2020, FCI Milan has 2 inmates and 1 staff member with active COVID-19, and 95 inmates and 55 staff members have recovered from the disease.  See COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed August 10, 2020).

Defendant has a criminal history, and while incarcerated, he has had three disciplinary infractions.  Defendant has a projected release date of March 11, 2024.  Therefore, he has four years remaining on his sentence.  Defendant has completed only two educational courses.  However, the Court commends Defendant for the 5000 hours he has spent toward his millwright apprenticeship

and his work with Unicor.  Defendant's improvement is evidenced by the letter written by a person with Unicor at FCI Milan.  See d/e 68.  Without any underlying compelling and extraordinary circumstance, the Court finds, after reconsideration of the factors in § 3553(a), that Defendant is not entitled to compassionate release.

The Court, taking all the relevant facts into account, finds that Defendant has not established the existence of extraordinary and compelling reasons that warrant a reduction in his term of imprisonment.

### III. CONCLUSION

For the reasons set forth above, Defendant Eldridge's pro se motion for compassionate release (d/e 60) and amended motion for compassionate release (d/e 63) are DENIED.  This ruling does not preclude Defendant from filing another motion for compassionate release in the future if circumstances change.  The Clerk is DIRECTED to send a copy of this Opinion to FCI Milan.

ENTER:  August 10, 2020

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE