IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-30112-002 |
| | ) | |
| RICHARD LEE ELDRIDGE, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court are Defendant Richard Eldridge's second pro se motion (d/e 73) and amended motion for compassionate release (d/e 75) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motions are DENIED.

### I. BACKGROUND

On August 5, 2008, Defendant Richard Lee Eldridge pled guilty to Count 1 of the Indictment for conspiring to manufacture 5 or more grams of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B) and Count 2 for possession of a firearm in furtherance of and carrying a firearm during and in relation to a

drug trafficking crime in violation of 18 U.S.C. 924(c)(1)(A)(ii). On November 24, 2008, Defendant was sentenced to 188 months of imprisonment on Count 1 and 84 months of imprisonment on Count 2 to run consecutively and an 8-year term of supervised release. On November 19, 2015, Defendant's sentence on Count 1 was reduced from 188 months to 151 months of imprisonment to be served consecutive to Count 2, for a combined total of 235 months. Defendant is currently serving his sentence at FCI Milan, and he has a projected release date of March 11, 2024.

On July 24, 2020, Defendant filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) due to COVID-19 being present at his BOP facility. See d/e 60. Thereafter, defense counsel filed an amended motion for compassionate release. See d/e 63. At that time, Defendant had no significant underlying medical conditions. On August 10, 2020, the Court denied Defendant's pro se and amended motion for compassionate release because Defendant had not established the existence of extraordinary and compelling reasons that warranted a reduction in his term of imprisonment. See d/e 69.

On August 21, 2020, Defendant filed a motion for

reconsideration arguing that he had recently been diagnosed with asthma and being overweight. See d/e 71. The Court held a hearing on September 1, 2020, at which time it heard arguments and denied Defendant's motion for reconsideration. See Minute Entry dated September 1, 2020.

On February 19, 2021, Defendant filed a second pro se motion for compassionate release. See d/e 73. Defense counsel filed a second amended motion for compassionate release on February 26, 2021. See d/e 75. Defendant requests compassionate release due to the new strains of the COVID-19 virus that have infected his BOP facility. Defendant also contends that he has hypertension, asthma, and is obese, which increase his risk of serious illness or death if he contracts COVID-19. See d/e 73, 75.

On March 4, 2021, the Government filed a response opposing Defendant's motion. See d/e 78. The Government argues that Defendant has not established extraordinary and compelling reasons to warrant a reduction in his sentence and the factors set forth in 18 U.S.C. § 3553(a) do not warrant release.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from

modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief. With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate's request was received by the BOP, whichever is earlier. The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the

term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The Seventh Circuit has held that the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) "is a mandatory, claim-processing rule and therefore must be enforced when properly invoked." United States v. Sanford, No. 20-2445, 2021 WL 236622, at *3 (7th Cir. 2021).

In this case, Defendant submitted a request to the warden of FCI Milan on January 20, 2021, which was over 30 days ago. See d/e 73, p. 3. A response from the warden was not received. The Government does not contest that Defendant has exhausted his administrative remedies. See Response, d/e 78. The Court finds that Defendant has met the 30-day requirement found in 18 U.S.C. § 3582(c)(1)(A).

The Court must consider whether "extraordinary and

compelling reasons warrant such a reduction" and is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment.

Defendant argues that the presence of COVID-19 at his facility warrants release. The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation. Social distancing can be difficult for individuals living or working in a prison. However, the COVID-19 pandemic alone does not constitute "extraordinary and compelling reasons" warranting a reduction in his term of imprisonment.

The Court recognizes that FCI Milan has COVID-19 at this time. However, the facility only has 3 staff members and zero

inmates with active COVID-19 as of March 9, 2021.  See COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed March 9, 2021). The facility is not experiencing a serious outbreak of any variant of the COVID-19 disease.  The facility has also made strides to control the spread of the disease as 256 inmates and 78 staff members have recovered from the disease.  Id.

Defendant also argues that his medical conditions place him at a higher risk of serious illness or death if he contracts COVID-19. Defendant is a 48-year-old male with asthma and is overweight. Defendant argues that he is now obese.  However, the medical records provide that as of August 14, 2020, Defendant was 184 lbs. and 5 feet 6 inches tall.  See d/e 74, p. 10.  According to the CDC, Defendant has a BMI of 28.8, which renders Defendant overweight. See Adult BMI Calculator, CDC, https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html (lasted accessed March 9, 2021).  Defendant also argues that he has hypertension, but the medical records do not show any evidence of a hypertension diagnosis or treatment for high blood pressure.  Even if so, that

would not change the Court's analysis.

While moderate-to-severe asthma and being overweight may increase the risk of serious illness or death if Defendant contracts COVID-19, the risk is unknown. See People with Certain Medical Conditions, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed March 9, 2021) ("Based on what we know at this time, adults of any age with the following conditions might be at an increased risk for severe illness from the virus that causes COVID-19: Asthma (moderate-to-severe) . . . Overweight (BMI > 25 kg/m2, but < 30 kg/m2) . . . ."). The same is true if Defendant had hypertension. Id. The Court finds that the combination of Defendant's health conditions does not rise to the level of extraordinary and compelling reasons that warrant release.

As previously noted by the Court, Defendant has a criminal history, and while incarcerated, he has had three disciplinary infractions. Defendant still has a projected release date of March 11, 2024. Therefore, he has four years remaining on his sentence. The Court commends Defendant his work on his millwright

apprenticeship and with Unicor.  Without any underlying compelling and extraordinary circumstance, the Court finds, after reconsideration of the factors in § 3553(a), that Defendant is not entitled to compassionate release.

### III. CONCLUSION

For the reasons set forth above, Defendant Eldridge's second pro se motion (d/e 73) and amended motion for compassionate release (d/e 75) are DENIED.

**ENTER: March 9, 2021**

*s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**